# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ARTHUR E. CANNON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-260 |
| | ) | |
| CHATHAM COUNTY | ) | |
| DETENTION CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Arthur E. Cannon, III filed this 42 U.S.C. § 1983 action alleging that Chatham County Detention Center violated his right to freely exercise his religion. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis* and directed him to return the necessary forms. *See* doc. 4. He has not complied with that Order. *See generally* docket.

A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 2006 WL 3307444, *1 (11th Cir. 2006). Under

1

the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). Accordingly, this case is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED,** this 13th day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA